# Supreme Court of Florida

_____

No. SC15-1549
_____

**VICTOR TONY JONES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[September 28, 2017]

PER CURIAM.

Victor Tony Jones, a prisoner under sentence of death, appeals the circuit court's order summarily denying his fourth successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

We previously affirmed Jones's convictions and sentences of death on direct appeal. Jones v. State, 652 So. 2d 346, 353 (Fla. 1995). We affirmed the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. Jones v. State, 855 So. 2d 611, 619 (Fla. 2003). We affirmed the denial of his first and second successive motions for postconviction relief and the

circuit court's determination that he is not intellectually disabled. Jones v. State, 93 So. 3d 178, 178 (Fla. 2012); Jones v. State, 966 So. 2d 319, 330 (Fla. 2007). The appeal of the denial of his third successive motion for postconviction relief was voluntarily dismissed. Jones v. State, 135 So. 3d 287 (Fla. 2014) (table).

Jones filed his fourth successive motion for postconviction relief on May 26, 2015, seeking a new determination of his claim that he is ineligible for the death penalty due to intellectual disability in light of the recent decision of the United States Supreme Court in Hall v. Florida, 134 S. Ct. 1986 (2014). The circuit court summarily denied the motion on June 18, 2015, concluding that Jones is not entitled to relief under Hall because he had a full and complete evidentiary hearing that lasted several days, during which he presented evidence regarding all three prongs of the intellectual disability standard yet failed to establish that he met any of the three prongs. This appeal follows.

"[T]he term 'intellectually disabled' or 'intellectual disability' means significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the period from conception to age 18." § 921.137(1), Fla. Stat. (2015). "Significantly subaverage general intellectual functioning" is defined as "performance that is two or more standard deviations from the mean score on a standardized intelligence test specified in the rules of the Agency for Persons with Disabilities." Id. "Adaptive behavior"

- 2 -

"means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her age, cultural group, and community." Id.

In Hall, the Supreme Court held that Florida's interpretation of section 921.137(1) as establishing a strict IQ test score cutoff of 70 "creates an unacceptable risk that persons with intellectual disability will be executed, and thus is unconstitutional." 134 S. Ct. at 1990. The Court further held that when assessing the subaverage intellectual functioning prong of the intellectual disability standard, courts must take into account the standard error of measurement of IQ tests. Id. at 2001. And "when a defendant's IQ test score falls within the test's acknowledged and inherent margin of error, the defendant must be able to present additional evidence of intellectual disability, including testimony regarding adaptive deficits." Id. Hall also held that an intellectual disability determination is a "conjunctive and interrelated assessment" such that no single factor can be considered dispositive. Id.; see also Oats v. State, 181 So. 3d 457, 467-68 (Fla. 2015) ("[A]s the Supreme Court has now recognized, because these factors are interdependent, if one of the prongs is relatively less strong, a finding of intellectual disability may still be warranted based on the strength of other prongs." (citing Hall, 134 S. Ct. at 2001)). Although we held that "Hall warrants retroactive application as a development of fundamental significance," Walls v. State, 213 So.

3d 340, 346 (Fla. 2016), petition for cert. filed, No. 16-1518 (U.S. May 10, 2017), we conclude that under the circumstances presented in this case, Jones is not entitled to relief under Hall.

When the trial court considered Jones's first successive motion for postconviction relief and intellectual disability claim in 2006, it permitted Jones to present evidence regarding all three prongs of the intellectual disability standard. The trial court concluded that Jones was not intellectually disabled and "did not meet even one of the three statutory requirements for [intellectual disability]." Jones, 966 So. 2d at 325.

Jones argues that he is entitled to relief under Hall because the IQ scores that were presented to the trial court in 2006 fall within the tests' acknowledged and inherent margins of error—which Hall requires courts to take into account—and he is therefore entitled to present additional evidence of intellectual disability. Jones is correct that in light of Hall, he would likely now meet the first prong of the intellectual disability standard—significantly subaverage general intellectual functioning. But as we noted in 2007, each of the IQ tests in this case was administered after Jones was shot in the head during the commission of the murders. There was testimony in 2006 that Jones's intelligence was probably higher before the head injury. Even Jones's expert testified that the head injury "result[ed] in impairment of Jones's ability to concentrate and remain focused, and

negatively affect[ed] his perceptual processes." Id. at 329. Jones is not entitled to a new hearing in order to present additional evidence of intellectual disability because he was already provided the opportunity to present evidence regarding each of the three prongs of the intellectual disability standard in 2006, and Hall does not change the fact that Jones failed to establish that he meets the second or third prong. As we have recently reiterated, "If the defendant fails to prove any one of these components, the defendant will not be found to be intellectually disabled." Wright v. State, 213 So. 3d 881, 895 (Fla. 2017); Salazar v. State, 188 So. 3d 799, 812 (Fla. 2016); see also Wright, 213 So. 3d at 898 (holding that Wright failed to prove that he is of subaverage intellectual functioning and "[f]or this reason alone, Wright does not qualify as intellectually disabled under Florida law").

Jones also asserts that the trial court in 2006 and this Court in 2007 improperly concluded that he did not meet the adaptive deficits prong because those determinations were based on reports from corrections officers or other observations of his functioning in prison, which are not valid indicators of adaptive behavior. This claim is procedurally barred and meritless. We rejected this argument in 2007, finding that the conclusion that Jones did not meet the adaptive deficits prong was not solely based on observations of Jones's functioning in prison. Jones, 966 So. 2d at 327-28. Hall does not disturb the previous finding

- 5 -

that Jones failed to establish that he has concurrent adaptive deficits, and Jones is not entitled to relitigate this claim.

Finally, Jones argues that he is entitled to relief in light of another recent United States Supreme Court decision, Hurst v. Florida, 136 S. Ct. 616 (2016). But we have determined that Hurst is not retroactive to cases that were final before the United States Supreme Court issued its decision in Ring v. Arizona, 536 U.S. 584 (2002). Asay v. State, 210 So. 3d 1, 11 (Fla. 2016), cert. denied, 2017 WL 1807588 (2017). Because Jones's convictions and sentences became final in 1995, he is not entitled to relief under Hurst.

For these reasons, we affirm the circuit court's order denying Jones's fourth successive motion for postconviction relief and deny relief based on Hurst.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
LAWSON, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LAWSON, J., concurring in result.

I fully agree with the majority's explanation as to why Hall does not open the door for Jones to relitigate his intellectual disability claim, and I concur in the result of the majority's decision that Jones is not entitled to Hurst relief. See

- 6 -

<u>Okafor v. State</u>, 42 Fla. L. Weekly S639, S641, 2017 WL 2481266, at \*6 (Fla. June 8, 2017) (Lawson, J., concurring specially).

An Appeal from the Circuit Court in and for Miami-Dade County,
　　Dennis James Murphy, Judge - Case No. 131990CF0501430001XX

Neal A. Dupree, Capital Collateral Regional Counsel, William M. Hennis III, Litigation Director, and Nicole M. Noël, Staff Attorney, Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

　　for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Melissa J. Roca, Assistant Attorney General, Miami, Florida,

　　for Appellee